UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PREDRAG TOSIC,                                    CASE NO. C23-0619JLR

                        Plaintiff,               ORDER

            v.

HEATHER BLAKEMORE-
TOMASON,

                        Defendant.

## I.    INTRODUCTION

Before the court is Defendant Heather Blakemore-Tomason's motion to remand this action back to state court and for attorneys' fees incurred in bringing the motion. (MTR (Dkt. # 6); Reply (Dkt. # 36).)  Plaintiff Predrag Tosic, who proceeds *pro se* and *in forma pauperis* ("IFP"), opposes the motion.  (Resp. (Dkt. # 31).)  Mr. Tosic has also filed several motions for leave to file additional briefs and materials in support of his opposition to Ms. Tomason's motion to remand.  (*See* 1st Mot. (Dkt. # 32); 2d Mot. (Dkt.

1   # 35); *see also* 5/22/23 Tosic Decl. (Dkt. # 28); 5/23/23 Tosic Decl. (Dkt. # 29); Prop. 2d

2   Resp. (Dkt. # 33); App'x. (Dkt. # 34).)   The court has reviewed the parties' submissions,

3   the relevant portions of the record, and applicable law.   Being fully advised, the court

4   DENIES Mr. Tosic's motions to file additional materials, GRANTS in part and DENIES

5   in part Ms. Tomason's motion, and REMANDS the matter back to state court.

6                               **II.     BACKGROUND**

7           Mr. Tosic and Ms. Tomason, who were formerly married, have a parenting plan

8   for their minor daughter.  (*See* 5/1/23 Villacin Decl. (Dkt. # 7) ¶ 3, Ex. 1 (Parenting

9   Plan).)  In June 2019, Mr. Tosic filed a petition in King County Superior Court to modify

10  the parenting plan.  (*Id*. ¶ 4, Ex. 2 (Modification Petition).)  On November 15, 2021, the

11  family court ruled against Mr. Tosic after a five-day trial and Mr. Tosic sought review of

12  the decision in the Washington State Court of Appeals, Division I.  (*Id*. ¶ 5, Ex. 3 (Order

13  Denying Modification Petition).)[1]  There, Mr. Tosic's opening appellate brief was due,

14  after many extensions, on April 28, 2023 (*id*. ¶ 15, Ex. 13 (denying Mr. Tosic's

15  emergency motion for an extension to file an opening brief)), but Mr. Tosic removed his

16  own civil action to this court on April 27, 2023 (*see* NOR (Dkt. # 5)).  Ms. Tomason now

17  moves to remand the case back to state court because, among other reasons, (1) this court

18  lacks jurisdiction over the action, (2) Mr. Tosic, who filed the petition for modification, is

19  not entitled to removal as the *de facto* plaintiff in the underlying action, and (3) Mr.

20

21          [1] The Court of Appeals also denied Mr. Tosic's request to stay the modification order
        pending appeal.  (*See* 5/1/23 Villacin Decl. ¶¶ 6-7, Exs. 4-5.)  Mr. Tosic continues to litigate this
        request as well as motions to disqualify judges and court commissioners in state court.  (*See id*.
22      ¶¶ 8-12, Exs. 6-10 (attaching various state court documents).)

1    Tosic's removal was untimely.  (Mot. at 2.)  Ms. Tomason also seeks attorneys' fees for

2    having to bring the remand motion.  (*Id*. at 13.)

3                               **III.    ANALYSIS**

4           The court begins by addressing Mr. Tosic's motions to file additional materials in

5    support of his response to Ms. Tomason's motion to remand.  The court then analyzes

6    Ms. Tomason's motion to remand before turning to her request for attorneys' fees.

7    **A.    Mr. Tosic's Motions to File Additional Materials**

8           This District's Local Rules permit a responding party one brief in opposition to

9    any motion, including a motion to remand.  *See* Local Rules W.D. Wash. LCR 7(b)(2).

10   The court already granted Mr. Tosic's request for an extension of time to respond to Ms.

11   Tomason's motion.  (5/23/23 Order (Dkt. # 30).)  Nevertheless, Mr. Tosic asks the court

12   for leave to file additional materials in support of his response to Ms. Tomason's motion

13   to remand.  (*See* 1st Mot.; 2d Mot.; *see also* 5/22/23 Tosic Decl.; 5/23/23 Tosic Decl.;

14   Prop. 2d Resp; App'x.)

15          The court has reviewed Mr. Tosic's filings and determined that they have no effect

16   on the court's decision.  Accordingly, the court DENIES Mr. Tosic's motions for leave to

17   file additional materials.

18   **B.    Motion to Remand**

19          The federal removal statute provides that unless otherwise prohibited, "any civil

20   action brought in a State court of which the district courts of the United States have

21   original jurisdiction, may be removed by the defendant or the defendants, to the district

22   court of the United States for the district and division embracing the place where such

action is pending." 28 U.S.C. § 1441(a)(1).  A defendant must file a notice of removal "within 30 days after the receipt . . . of a copy of the initial pleading" in state court, or, if the initial pleading is not removable, "within 30 days after receipt . . . of a copy of an amended pleading, motion, [or] order." *Id*. § 1446(b)(1), (c)(3).  Federal courts strictly construe the removal statute and must reject jurisdiction if there is any doubt as to the right of removal in the first instance.  *Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing defendant faces a "strong presumption" against removal and bears the burden of establishing, by a preponderance of the evidence, that removal was proper. *Gaus*, 980 F.2d at 567.

      1.  <u>Mr. Tosic is not the Defendant</u>

A plaintiff has no right to remove his own suit to federal court.  *See, e.g.*, *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954) (stating that plaintiff cannot remove action); *Yakama Indian Nation v. State of Wash. Dept. of Revenue*, 176 F.3d 1241, 1248 (9th Cir. 1999) ("The right to remove a case from state to federal court is vested exclusively in 'the defendant or the defendants'") (quoting 28 U.S.C. § 1441(a)); *Szanto v. Lewin*, No. CV 12-00535 MMM, 2012 WL 4513745, at *1 (C.D. Cal. Sept. 30, 2012) (collecting cases supporting proposition that a plaintiff cannot remove their own action); *Edwards v. Edwards*, No. 2:22-CV-08814-SB-JC, 2023 WL 172020, at *1 (C.D. Cal. Jan. 12, 2023) (remanding case because plaintiff could not remove their own action).

Ms. Tomason argues that Mr. Tosic's purported removal of his own case to this court was improper.  (MTR at 11-12.)  State court filings identify Mr. Tosic as the

"respondent" in the petition to modify the parenting plan (*see* Modification Petition), but only because Ms. Tomason filed the initial action for a parenting plan (*see* Parenting Plan (identifying Ms. Tomason as the "petitioner")).  Mr. Tosic, moreover, does not dispute that he initiated the same action he purportedly removed.  (*See generally* Resp.)  Mr. Tosic is not the defendant in the underlying action and was therefore not entitled to remove his own lawsuit.  *See* 28 U.S.C. § 1441(a)(1).

       2.  Mr. Tosic's Purported Removal was Untimely

       Ms. Tomason argues that even if Mr. Tosic were not the *de facto* plaintiff in the underlying action, his purported removal is extremely untimely.  (MTR at 12.)  Mr. Tosic filed his removal notice on April 27, 2023, seeking federal "take over" of all state court proceedings, including the family court's November 15, 2021 order denying his petition. (*See* Order Denying Modification Petition; Prop. NOR (Dkt. # 1-1) at 5 (requesting "that the federal court take over" all state court cases between the parties).)  Mr. Tosic therefore did not file his notice of removal within the 30 days after receipt of an order presenting a basis for removal, as required by the removal statute.  *See* 28 U.S.C. § 1446(c)(3).  The court rejects Mr. Tosic arguments that the statute's time limitations should not apply to him.  (*See* Resp. at 11.)  The court is also unpersuaded that his removal was timely because the Washington Court of Appeals issued rulings in April 2023 (*see id.*) because Mr. Tosic sought to remove his underlying petition (*id.* at 2; Prop. NOR at 5).  Accordingly, Mr. Tosic's purported removal was untimely.

1       3.  <u>The Court Lacks Subject-Matter Jurisdiction Over This Action</u>

2       "Only state-court actions that originally could have been filed in federal court may

3  be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S.

4  386, 392 (1987). "[F]ederal jurisdiction exists only when a federal question is presented

5  on the face of the plaintiff's properly pleaded complaint." *Id.* (citing *Gully v. First Nat'l*

6  *Bank*, 299 U.S. 109, 112-13 (1936)). The domestic relations exception divests federal

7  courts of jurisdiction over any action seeking "issuance or modification of a divorce,

8  alimony, or child-custody decree." *Bailey v. MacFarland*, 5 F.4th 1092, 1096 (9th Cir.

9  2021) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992)).

10       Ms. Tomason argues that the domestic relations exception bars federal review of

11  the parties' parenting plan. (MTR at 5-10.) The court agrees: Mr. Tosic's petition to

12  modify the parties' parenting plan—a "child-custody decree"—falls squarely within the

13  domestic relations exception and belongs in state court. *See Bailey*, 5 F.4th at 1096;

14  (Modification Petition). Thus, because Mr. Tosic's petition does not pose any federal

15  question, it could not have originally been brought in federal court. (*See* Modification

16  Petition); *Caterpillar Inc.*, 482 U.S. at 392.

17       Mr. Tosic's assertion that this court has jurisdiction because he argues that his

18  federal statutory and constitutional rights were violated by the state courts in the

19  underlying proceeding is unavailing. (*See* Resp. at 4-7.) Mr. Tosic did not plead these

20  issues in his petition. *See Caterpillar Inc.*, 482 U.S. at 392-93. Mr. Tosic cites several

21  federal cases that address constitutional familial rights implicated by state court

22  decisions, but none provides an avenue to federal adjudication of familial rights via

1    removal of an order on a child-custody decree.  (*See* Resp. at 5); *see e.g.*, *Troxel v.*

2    *Granville*, 530 U.S. 57 (2000) (deciding appeal from Washington Supreme Court);

3    *Santosky v. Kramer*, 455 U.S. 745 (1982) (deciding appeal from New York's highest

4    court); *Quillion v. Walcott*, 434 U.S. 246 (1978) (deciding appeal from George Supreme

5    Court); *Stanley v. Illinois*, 405 U.S. 645 (1972) (deciding appeal from Illinois Supreme

6    Court).  Rather, the United States Supreme Court reviewed each of these cases after the

7    parties had exhausted their appeals in state courts.  *See* 28 U.S.C. § 1257 (providing, in

8    part that "Final judgments or decrees rendered by the highest court of a State . . . may be

9    reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or

10   statute of the United States is drawn in question.").  Thus, remand is appropriate because

11   the action could not have originally been filed in federal court.

12        4.  Summary

13        The court GRANTS Ms. Tomason's motion to remand because Mr. Tosic is not

14   the defendant, for untimeliness, and for lack of subject matter jurisdiction.  The court

15   need not address Ms. Tomason's remaining arguments in favor of remand.

16   **C.    Request for Attorneys' Fees**

17        The court may award attorneys' fees and costs incurred in bringing a motion for

18   removal if the attempted removal was objectively unreasonable.  *See Martin v. Franklin*

19   *Capital Corp.*, 546 U.S. 132, 136 (2005); 28 U.S.C. § 1447(c) (allowing awards of "just

20   costs and any actual expenses, including attorney fees" incurred due to removal); *see also*

21   *Houden v. Todd*, 348 F. App'x 221, 223 (9th Cir. 2009) (finding removal objectively

22   unreasonable where "[t]he relevant case law clearly foreclosed [the] attempted removal.")

1 (citing *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999-1000 (9th Cir. 2006)).  However, the

2 court retains discretion to determine whether "unusual circumstances warrant a departure

3 from the rule in a given case."  *Martin*, 546 U.S. at 141.  Such a departure should

4 nevertheless be faithful to the purposes of the awarding fees under 28 U.S.C. § 1447(c),

5 which are to "deter removals sought for the purpose of prolonging litigation and

6 imposing costs on the opposing party."  *Id.*

7   Ms. Tomason seeks an award of $9,980.00 in attorneys' fees incurred in bringing

8 the instant motion, arguing Mr. Tosic's removal lacked an objectively reasonable basis.

9 (*See* Mot. at 13-14; Reply at 9-11; 5/26/23 Villacin Decl. (Dkt. # 37) ¶ 7, Ex. C

10 (describing fees incurred).)  The court agrees that Mr. Tosic's attempted removal was

11 objectively unreasonable, and likely had the effect of stalling proceedings in the

12 Washington Court of Appeals.  The court nevertheless concludes that an award of fees is

13 not warranted here for two reasons.  First, because Mr. Tosic is not represented by

14 counsel, the court cannot conclude that Mr. Tosic knew he lacked any reasonable basis

15 for removal.  *See John Daly Boulevard Assocs., LP v. Gonzales*, No C 14-4213 PJH,

16 2014 WL 6808343, at *3 (N.D. Cal. December 2, 2014) (declining to award fees where

17 unrepresented, IFP defendant might not have known she lacked a basis for removal).

18 Second, the court determined that Mr. Tosic lacks the funds to pay court filing fees when

19 it granted his application to proceed IFP.  (*See* IFP App. (Dkt. # 1) at 1 (representing that

20 Mr. Tosic has been unemployed since August 2021, lives off his savings, and has no

21 income); 5/1/23 IFP Order (Dkt. # 4)).  An award of attorneys' fees that Mr. Tosic is

22 likely unable to pay would not serve the removal statute's deterrent purpose.  *See John*

1    *Daly Boulevard*, 2014 WL 6808343, at *3 (finding award of fees inappropriate due to *pro*

2    *se*, IFP defendant's financial status).  The court therefore declines to award Ms. Tomason

3    attorneys' fees but cautions Mr. Tosic that any future attempt to remove the proceedings

4    may justify an award of attorneys' fees or other sanctions.

5                                    **IV.   CONCLUSION**

6           For the foregoing reasons, the court DENIES Mr. Tosic's motions for leave to file

7    additional materials (Dkt. ## 32, 35) GRANTS Ms. Tomason's motion to remand (Dkt.

8    # 6) and denies Ms. Tomason's request for attorneys' fees.  The court DIRECTS the

9    Clerk to REMAND this matter to the Washington State Court of Appeals, Division I, to

10   CLOSE this case, and not to accept any further filings in this matter.

11          Dated this 29th day of May, 2023.

12

13

14                                               JAMES L. ROBART
                                                 United States District Judge

15

16

17

18

19

20

21

22